# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| VANN JACKSON, | : |
| Petitioner | : |
| VS. | : 7 : 09-CV-54 (HL) |
| CARL HUMPHREY, Warden, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was signed on April 21, 2009, and filed on April 23, 2009.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

By means of a guilty plea, the petitioner was convicted of malice murder in the Superior Court of Colquitt County in 1999.  Petitioner was sentenced to life.  Petitioner's guilty plea attorney then filed a motion for new trial and motion to withdraw the guilty plea and the trial court appointed new counsel.  The trial court ultimately denied the motions for new trial and to withdraw the guilty plea on July 6, 1999.  On November 15, 1999, the Georgia Supreme Court issued an order affirming the trial court's decision denying the petitioner's motion to withdraw.

Petitioner's conviction became final ninety (90) days after the Georgia Supreme Court issued its order affirming the denial of petitioner's motion to withdraw his guilty plea, the time period during which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court.  SUP . CT. R. 13; *Clay v. United States*, 537 U.S. 522, 527 (2003) (conviction is "final" when direct review has concluded or the time for seeking further appellate review has expired).  The petitioner had until May 17, 1999, to petition for certiorari in the United States Supreme Court, which he failed to do.  Petitioner's conviction therefore became final on May 17, 1999, and the petitioner had one year from that date in which to file this federal petition or stay the proceedings by filing a state habeas petition.

The petitioner executed his first state habeas petition on December 22, 1999, and this petition was denied on September 2, 2004.  Petitioner did not appeal the denial of habeas relief to the Georgia Supreme Court.  Petitioner filed a second state habeas petition in July 2006 in the Superior Court of Calhoun County.  This petition was dismissed as successive.  The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on September 10, 2007.

The petitioner's filing of this federal habeas petition was clearly untimely, and the tolling provision of § 2244(d)(2) did not afford the petitioner any protection.  The petitioner's first state

habeas petition was executed on December 22, 1999, after the passage of 219 days of the one-year limitations period. Following the conclusion of collateral review on October 4, 2004, the petitioner had 146 days in which to file this federal petition, or until February 27, 2005. However, the petitioner waited until April 2009, to sign and presumably submit his federal petition for mailing. The petitioner's filing of this federal petition, which the court will assume took place on the day he signed the petition, took place more than four (4) years after the expiration of the one-year statute of limitations. The petitioner's assertion that he attempted to appeal the denial of his first state habeas petition is refuted by the evidence submitted by the respondent and unsupported by the evidence submitted by petitioner. Petitioner's exhibits show that at the most petitioner requested extensions of time in which to file an appeal, the first of which was granted, but that the petitioner never actually filed the appeal.

Inasmuch as this federal habeas petition was untimely filed, it is hereby recommended that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 8th day of December, 2009.

                        **S/ G. MALLON FAIRCLOTH**
                        **UNITED STATES MAGISTRATE JUDGE**